# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| BRENDA C. BOND | § | |
| | § | Civil Action No. 4:17-CV-091 |
| v. | § | (Judge Mazzant/Judge Nowak) |
| | § | |
| COMMISSIONER, SSA | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On February 16, 2018, the report of the Magistrate Judge (Dkt. #15) was entered containing proposed findings of fact and recommendations that the final decision of the Commissioner of Social Security be affirmed. Having received the report of the Magistrate Judge, having considered Plaintiff Brenda C. Bond's timely filed Objection (Dkt. #16), the Commissioner's Response (Dkt. #19), and having conducted a de novo review of Plaintiff's claims and all relevant pleadings, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #15) as the findings and conclusions of the Court.

## BACKGROUND

The facts in this case have been set forth in detail by the Magistrate Judge, and need not be duplicated in their entirety herein (*see* Dkt. #15). In summary, on September 4, 2014, Plaintiff filed her application for disability income benefits under Title II of the Social Security Act ("Act"), alleging an onset of disability date of November 30, 2012 (TR 160–76). The Administrative Law Judge ("ALJ") determined Plaintiff had the severe impairments of blindness in the left eye, visual

field loss in the right eye, bipolar disorder, depressive disorder, and an anxiety-related disorder (TR 15–16).

Plaintiff's claims were initially denied by notice on February 11, 2015, and again upon reconsideration on May 15, 2015 (TR 101–04, 107–09). Plaintiff requested an administrative hearing (TR 110–11), which the Administrative Law Judge ("ALJ") held on June 30, 2016 (TR 30–69). At hearing, the ALJ heard testimony from Plaintiff, who was represented, Plaintiff's sister and a vocational expert. On August 9, 2016, the ALJ issued a decision denying benefits and finding Plaintiff not disabled at step five of the sequential evaluation process. Plaintiff requested review of the ALJ's decision on October 11, 2016 (TR 9), which the Appeals Council denied on December 7, 2016, making the decision of the ALJ the final decision of the Commissioner (TR 3–6). On February 7, 2017, Plaintiff filed her Complaint in this Court (Dkt. #1). On April 24, 2017, the Administrative Record was received from the Social Security Administration (Dkt. #9). Plaintiff filed her Brief on May 24, 2017 (Dkt. #12), the Commissioner filed a Brief in Support of the Commissioner's Decision on July 24, 2017 (Dkt. #13), and Plaintiff filed a reply brief on August 3, 2017 (Dkt. #14). On February 16, 2018, the Magistrate Judge issued a Report and Recommendation (Dkt. #15). On March 2, 2018, Plaintiff filed her Objection to the Recommendation of the United States Magistrate Judge (Dkt. #16). On March 16, 2018, after being granted an extension, the Commissioner filed a Response to Plaintiff's Objection (Dkt. #19).

**PLAINTIFF'S OBJECTIONS**

Under the law, a party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)–(3). Plaintiff objects to the Magistrate Judge's conclusion that the ALJ adequately accommodated for

Plaintiff's impaired memory and concentration and also objects that the ALJ failed to consider Plaintiff's visual field loss of the right eye (Dkt. #16).

*The ALJ Properly Accounted for Plaintiff's Impaired Memory*

Plaintiff first argues that the Magistrate Judge failed to "connect the dots" between Plaintiff's impaired memory and the ALJ's limitation to "understanding, remembering and carrying out simple tasks and instructions" (Dkt. #16 at p. 3). In particular, Plaintiff takes issue with the Magistrate Judge's reference to Dr. Warren's examination, arguing Dr. Warren's examination which "showed that [Plaintiff] had impaired memory and concentration, but she also had normal thought content and thought process" has nothing to do with Plaintiff's impaired memory (Dkt. #16 at p. 2).

Relevant to Plaintiff's objection, the ALJ limited Plaintiff to medium work with the following non-exertional limitations: no depth perception; only occasional near visual acuity; only occasional use of a computer screen or similar display; avoidance of ladders, ropes, scaffolds, unprotected heights, moving mechanical parts, open flames, and driving; and only understanding, remembering, and carrying out simple tasks and instructions. The ALJ acknowledged in determining the RFC, that "the claimant exhibited deficits in memory and concentration during her consultative examination," but found that "these [memory deficits] have been accounted for in limiting the claimant to working with simple tasks and instructions, and the claimant did not exhibit more than an anxious appearance and depressed affect during treatment" (TR 20).

As an initial matter, the Commissioner points out that neither the ALJ's RFC, nor the Magistrate Judge's finding, hinges upon the ALJ's consideration of Dr. Warren's examination (Dkt. #19 at pp. 4–5). Rather the record is replete with instances, including Dr. Warren's

evaluation, where the ALJ considered Plaintiff's alleged degree of limitation in memory (*see e.g.* TR 17–18). As noted by the Magistrate Judge:

> the ALJ explicitly considered Plaintiff's alleged memory problems throughout the sequential evaluation process. The ALJ's opinion reviewed Plaintiff's medical records, including her consultative examination by Dr. Warren and the reviews by Drs. Scales and Germain, as well as Plaintiff's own subjective complaints. The decision further reflects that the ALJ analyzed and weighed Plaintiff's memory limitations when reviewing the "paragraph B" criteria. Indeed, the ALJ devoted a full paragraph in the opinion to each of these functional areas, addressing each in detail in light of the medical evidence in the record. In the paragraph related to concentration, persistence, or pace, the ALJ detailed that Dr. Warren's exam "showed that [Plaintiff] had impaired memory and concentration, but she also had normal thought content and thought process". After considering Plaintiff's memory deficits, the ALJ concluded Plaintiff had no more than moderate limitations in concentration, persistence, or pace (and supported this conclusion with specific references to record evidence). The ALJ then incorporated this limitation – that Plaintiff had moderate limitations in concentration, persistence, or pace - in formulating an RFC that limited Plaintiff to understanding, remembering, and carrying out simple tasks and instructions (as discussed more fully below in connection with Plaintiff's third issue).

(Dkt. #15 at pp. 9–10) (internal footnote and citations omitted). Moreover, under the Social Security regulations, concentration, persistence or pace refers to the ability to focus attention on work activities and stay on task at a sustained rate. *See* 20 C.F.R. Part 404, Subpart P, App. 1, Part A2, 12.00(E)(3). Memory is a consideration in evaluating, concentration, persistence, or pace. *Malone v. Commissioner*, 186 F. Supp. 3d 553, 562 (N.D. Miss. 2016). And an RFC that is limited to simple work reasonably incorporates a moderate limitation in concentration, persistence, or pace. *See e.g., Smith v. Colvin*, 2014 WL 1407437, at *4 (N.D. Tex. Mar. 24, 2014), *report and recommendation adopted*, 2014 WL 1407440 (N.D. Tex. Apr. 11, 2014) (noting that an RFC limited to simple work "reasonably incorporates a moderate…limitation in concentration, persistence, or pace).

In this case, the ALJ articulated that Plaintiff's own testimony and medical records were considered and evaluated, including those related to her alleged memory deficits, to reach an

4

opinion regarding Plaintiff's moderate limitations in concentration, persistence, or pace. The ALJ then proceeded to limit Plaintiff to understanding, remembering and carrying out simple tasks and instructions. In addition, as posited by the Magistrate Judge, even if Plaintiff were correct, she has failed to establish prejudice. Plaintiff has not shown how the inclusion of an additional limitation related to her memory would have eliminated the jobs identified at step five. Plaintiff's Objection is overruled.

*The ALJ Properly Accounted for Plaintiff's Visual Field Loss*

Plaintiff next objects that the ALJ failed to properly consider and incorporate limitations into the residual functional capacity determination related to Plaintiff's visual field loss in her right eye (Dkt. #16). Specifically, Plaintiff alleges that while "the ALJ acknowledged that Plaintiff had a significant visual field loss" because the ALJ "failed to determine the effect of such loss on the ability to perform past relevant work, remand was required" (Dkt. #16 at p. 4).

This argument is unavailing for two reasons. First, Plaintiff failed to raise this issue before the Magistrate Judge; Plaintiff's original briefing does not raise Plaintiff's visual field loss, arguing only that the ALJ erred with respect to Plaintiff's memory deficits (nonexertional impairments), affective disorder (social functioning), and difficulties with concentration, persistence, or pace (Dkts. #12, #14). Plaintiff provides no explanation as to why she did not raise this argument earlier, and as such, the Court is under no obligation to consider it. *Parrott v. Commissioner SSA*, 914 F. Supp. 147 (E.D. Tex. 1996) (declining to entertain plaintiff's new argument which plaintiff failed to raise in the first instance before the magistrate judge); *Ridenhour v. Astrue*, 2009 WL 77765, n. 2 (N.D. Tex. Jan. 12, 2009) (declining to evaluate new argument not made before the magistrate judge).

However, even if the Court proceeded to evaluate such argument, it is clear that the ALJ did properly consider and incorporate limitations related to Plaintiff's visual field loss. At step two, the ALJ determined that Plaintiff had blindness in the left eye and a visual field loss in her right eye (TR 15–16). Plaintiff offered testimony at hearing that she has been blind in the left eye since childhood, and wears a prosthetic eye (TR 41). Plaintiff testified that the vision in her right eye has also deteriorated and that the daily impact of her visual impairments are that they cause her to run into things, see shadows, and get headaches when reading. She specifically testified that she can read up to thirty (30) minutes before getting a headache and that she can watch television from a distance, but a computer gives her an instant headache (TR at 44–46). Plaintiff further testified that she feels safe driving during the day, and that she avoids the highways by using back roads (TR 51–52).

Upon consideration of this testimony, as well as the remaining record evidence, the ALJ determined that Plaintiff retained the RFC to perform medium work except that she was limited, with respect to her vision: to work requiring no depth perception, only occasional near visual acuity, and only occasional use of a computer screen or similar display; she must avoid ladders, ropes, scaffolds, unprotected heights, moving mechanical parts, open flames, and driving as part of the job (TR 18).

The VE expressly verified that an individual with these limitations could perform work existing in the national economy, including order clerk, linen room attendant, DOT Code 222.387-030; dining room attendant, DOT Code 311,677-018; laundry worker II, DOT code 361.685-018; all SVP of 2 (TR 64–65). The DOT further indicates that each of these jobs are compatible with Plaintiff's visual limitations. Linen room attendant does not require far acuity, depth perception, or field of vision use, and requires near acuity only up to 1/3 of the time (DOT No. 222.387-030,

1991 WL 672098); dining room attendant does not require depth perception, near acuity, or field of vision use, and only occasionally requires far acuity (DOT No. 311.677-018, 1991 WL 672696); and laundry worker II similarly does not require far acuity, depth perception, or field of vision use, and requires only occasional near acuity (DOT No. 361.685-018, 1991 WL 672987).

Each of these jobs can be performed despite Plaintiff's visual field loss. The record simply does not support Plaintiff's contention that the ALJ's RFC finding ignores Plaintiff's visual field loss. Accordingly, Plaintiff's Objection is overruled.

## CONCLUSION

Having received the report of the United States Magistrate Judge (Dkt. #15), having considered Plaintiff's timely filed Objection (Dkt. #16), the Commissioner's Response (Dkt. #19), and having conducted a de novo review of Plaintiff's claims and all relevant pleadings, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #15) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED.**
 **SIGNED this 28th day of March, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE